UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KRISTOPHER WAYNE PRESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2705-JDT-tmp |
| | ) | |
| DR. WEBB et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF DISMISSAL,
GRANTING MOTION TO AMEND COMPLAINT (ECF No. 8),
DENYING MOTIONS TO APPOINT COUNSEL (ECF Nos. 9 & 12),
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On September 12, 2014, Plaintiff Kristopher Wayne Presley ("Presley"), who is currently an inmate at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued September 16, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4) The Clerk shall record the defendants[1] as Dr. First Name Unknown ("FNU") Webb, Officer FNU Long, Nurse FNU

---

[1] The Clerk is directed to add Defendants Chief FNU Moore and Officer FNU Vaughn to the list of Defendants as well as correct the position of Officer FNU Long and spelling of Officer Snowden pursuant to Presley's Motion for Amended Complaint. (Mtn. to Am. Compl. at 2-3, ECF No. 8-1)/

Krane, Officer Snowden, Lieutenant ("Lt.") FNU Bean, Lt. FNU Kornagy, Officer Phillips, and Chief FNU Moore, and Officer FNU Vaughn.[2]

## I. The Complaint and Amended Complaint

On December 4, 2014, Presley filed a motion seeking leave to amend with an incorporated amendment to his complaint. (Mot. to Am. Compl., ECF No. 8.) Because the motion was submitted before the complaint had been screened, leave of Court is not required. The amended complaint includes a jury demand. The Clerk is directed to modify the docket to reflect that Presley has demanded a jury trial.[3]

Presley's alleges Defendants violated his Eighth Amendment Rights by denying medical treatment and through improper treatment. (Am. Compl. at ¶ 57, ECF No. 8-1.) On or around September 22, 2013, Presley was diagnosed with scabies[4] by Defendant Webb who then gave instructions to Defendant Vaughn for Presley's treatment. (*Id.* at ¶ 25.) After the diagnosis, Presley received treatment, although "without medical oversight," and had his clothing removed for cleaning, but was not given clean sheets. (*Id.* at ¶¶ 26-30.).

---

[2] Plaintiff also purports to sue seven John/Jane Doe defendants. Service of process cannot be made on a fictitious party. The filing of a complaint against "John/Jane Doe" does not toll the running of the statute of limitations against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is directed to terminate the John/Jane Doe defendants.

[3] The fact that Plaintiff has demanded a jury trial does not guarantee that he will get one. A case can be dismissed on screening under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b) or a defendant may file a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure or a motion for summary judgment under Rule 56. A jury demand means only that, if the case proceeds to trial, the trier of fact will be a jury rather than the assigned judge.

[4] Scabies is defined by the Mayo Clinic as, "an itchy skin condition caused by a tiny burrowing mite called Sarcoptes scabiei. The presence of the mite leads to intense itching in the area of its burrows." http://www.mayoclinic.org/diseases-conditions/scabies/basics/definition/CON-20023488

On or around early October, 2013, after being put in general population,, Presley was diagnosed with scabies by Defendant Krane. (*Id.* at ¶ 35.) Presley was given his third dose of treatment on October 3, 2013. (*Id.* at ¶ 37.) Presley informed Defendant Snowden that he needed new sheets, but she replied that, "she wasn't medical" forcing Presley to push his sheets and blanket out of his cell. (*Id.*at ¶ 38.)

Presley alleges that October 2013, through December 2013, his requests for treatment, clean sheets, and proper diagnosis were denied. (*Id.* at ¶¶ 36-46.) He was cleared medically by Defendant Krane and moved to general housing. (*Id.* at ¶ 41 ) Despite being cleared, Presley informed Defendants Phillips and Bean that he was not cured. (*Id.* at ¶ ¶ 42 & 43.) After filing grievances, Presley was re-examined by Defendant Krane who told him to stop exercising and prescribed Benadryl by a nurse "Jane Doe." (*Id.* at ¶ 46.)

In January 2014, Presley wrote Defendant Moore about his circumstances. (*Id.* at ¶ 48.)

In January 2014, Presley was again diagnosed with scabies and prescribed "lidane" by Defendant Webb after stating that he wanted either treatment or an examination by an outside clinic and threatening to sue for lack of treatment. (*Id.* at ¶¶ 49-51.) During the month of February 2014, Presley was treated with "lidane." (*Id.* at ¶ 53.) Presley alleges that he now suffers from migraines, has black spots in his vision, and has scars over his legs. (*Id.* at ¶ 54.)

Presley seeks a preliminary and permanent injunction ordering Defendants to undergo training and provide a clean prison environment as well as compensatory and punitive damages. (*Id.*at ¶¶ 60-62.)

II. Analysis

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506,

510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. § 1983 Claim

Presley filed his original complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1. *Claims against Defendant Moore as Supervisor*

It is clear that Presley sues Defendants Moore because of his supervisory capacities. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S.

6

at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Moore, through his own actions, violated Presley's rights.

2. *Eight Amendment Claim for Medical Indifference*

Presley's complains that he was either denied proper treatment and, once given treatment, it was with a "highly toxic lotion" that still is causing side effects in him today. (*Id.* at 57.) "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment. "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) (same). "Although the right to adequate medical care does not encompass the right to be diagnosed correctly, [the Sixth Circuit] has long held that prison

7

officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner." *Johnson*, 398 F.3d at 874 (internal quotation marks and citation omitted).

The objective component of an Eighth Amendment claim requires that a prisoner have a serious medical need. *Blackmore*, 390 F.3d at 895; *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (internal quotation marks and citations omitted); *see also Santiago,* 734 F.3d at 590 (same); *Johnson*, 398 F.3d at 874 (same). Alternatively, where a prisoner complains about a delay in medical treatment, the Court will "examine the seriousness of a deprivation by examining the effect of the delay in treatment." *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (internal quotation marks and alteration omitted); *see also Santiago*, 734 F.3d at 591 ("In a case like this, involving a claim based on the prison's failure to treat a condition adequately, medical proof is necessary to assess whether the delay caused a serious medical injury.") (internal quotation marks omitted). "The 'verifying medical evidence' requirement is relevant [only] to those claims involving minor maladies or non-obvious complaints of a serious need for medical care." *Blackmore,* 390 F.3d at 898. The Court will assume, for purposes of this order, that Presley's scabies constituted a serious medical need.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he or she had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm.

8

*Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street*, 102 F.3d at 814; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment."). Each defendant's subjective knowledge must be assessed separately, *Rouster v. Cnty. of Saginaw,* 749 F.3d 437, 447 (6th Cir. 2014), and information available to one defendant may not automatically be imputed to other defendants, *Gray v. City of Detroit,* 399 F.3d 612, 616 (6th Cir. 2005).

"'[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of

9

an ailment." *Comstock*, 273 F.3d at 703. "When a doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.*; *see also Johnson*, 398 F.3d at 875 (same). "'[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 836). "A medical decision not to order an X-ray, or like measures, does not represent cruel or unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Estelle*, 429 U.S. at 107.

In the present case, Presley alleges that he received treatment for scabies, albeit not always to the extent, duration, or prescription that he preferred. Presley's own allegation show that Defendants provided treatment on several occasions. (Am. Compl. at ¶ ¶ 29, 37, 46, & 53, ECF No 8-1.) The level of treatment provided by Defendants, thus amounts, at most, to medical negligence not indifference.

C.  Motion to Appoint Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In

10

determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted).[5] Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[6]

Presley has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Because the case will be dismissed *sua sponte* for the reasons stated below, the motion for appointment of counsel is DENIED

### III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissals under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and

---

[5]A plaintiff is not entitled to an evidentiary hearing on the issue. *Sutton v. Small Bus. Admin.*, 92 F. App'x 112, 116 (6th Cir. 2003).

[6]These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).

that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

## IV. Appeal Issues

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Presley in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

## V. Conclusion

The Court DISMISSES Presley's complaint as to all Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to Amend is DENIED because the deficiencies in Presley's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Presley would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Presley nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Presley, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE